UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN P. BENOIT                                CIVIL ACTION

versus                                         NO. 12-1023

JAMES M. LEBLANC                               SECTION: "J" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Kevin P. Benoit, is a state prisoner incarcerated at the Union Parish Detention Center, Farmerville, Louisiana. On January 21, 2010, he was convicted under Louisiana

law of indecent behavior with a juvenile where the victim is under thirteen years of age.[1] On April 21, 2010, he was sentenced to a term of twenty years imprisonment, with the first five years of that sentence to be served without benefit of probation, parole, or suspension of sentence.[2] On May 6, 2011, the Louisiana First Circuit Court of Appeal affirmed that conviction and sentence.[3] The Louisiana Supreme Court then denied petitioner's related writ application on March 30, 2012.[4]

On April 27, 2012, petitioner filed the instant federal *habeas corpus* application, claiming that he is entitled to relief because records concerning a prior conviction were admitted at trial without being properly authenticated. The state concedes that petitioner's application is timely and that he has exhausted his remedies in state court.[5]

## I. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal

---

[1] State Rec., Vol. III of III, transcript of January 21, 2010, p. 76; State Rec., Vol. I of III, minute entry dated January 21, 2010.

[2] State Rec., Vol. III of III, transcript of April 21, 2010, p. 19; State Rec., Vol. I of III, minute entry dated April 21, 2010.

[3] State v. Benoit, 69 So.3d 492 (La. App. 1st Cir. 2011) (No. 2010 KA 1766); State Rec., Vol. III of III.

[4] State *ex rel.* Benoit v. State, 85 So.3d 106, 2012 WL 1216162 (La. 2012) (No. 2011-KH-1372).

[5] Rec. Doc. 10.

habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the

> state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694; see also Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."), cert. denied, 132 S.Ct. 1537 (2012).

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court recently held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011) (citations omitted; emphasis added).

## II. Facts

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts of the instant case as follows:

> At trial on January 20, 2010, the victim, H.G., who was born on September 26, 2002, testified that she lived with her father in Prairieville, but that she visited her mother's house sometimes. She indicated that on a visit to her mother's house two years earlier, the defendant touched the top of her "cookie" or "private" when she was in the bedroom, while her mother was using the bathroom.
> The State also played a recording of a September 24, 2007 interview with the Terrebonne Children's Advocacy Center. In the interview, the victim stated "Kevin" lived with her mother and had touched her "private" with his hand, under her panties, when she was visiting her mother. The victim indicated the touching occurred when she was lying between "Kevin" and her mother on the bed. The victim identified the vagina on a sketch of a girl as the "cookie" or "private."
> The victim's mother, B.O., who was divorced from the victim's father, also testified at trial. During August of 2007, B.O.

was involved in a relationship with the defendant, a convicted sex offender from Mississippi. The defendant told B.O. the charges against him in Mississippi were false. The victim lived with her father, but visited B.O. As part of the custody agreement, B.O. had been ordered not to allow the defendant to be at home when the victim visited. B.O. conceded, however, that sometimes the defendant was present in her home when the victim visited.

In August of 2007, the victim told B.O. that the defendant had touched her "on her cookie" while B.O. was in the shower. B.O. argued with the defendant and then went with the victim to the home of B.O.'s mother. Thereafter, the victim went back to live with her father, and B.O. went back to live with the defendant. B.O. did not report the victim's accusation against the defendant to the police.

Approximately two days later, on August 17, 2007, B.O. married the defendant. According to B.O., on the day of the wedding, the defendant told her he had touched the victim "over her panties," but he was sorry and it would never happen again. Also according to B.O., the defendant told her he was on parole in Mississippi because he had "fingered" a girl while he masturbated and had tried to have sex with her. Also according to B.O., after the defendant was arrested, he told her to tell his lawyer that the victim's accusation against him "wasn't true" and that he had never been around her. B.O. claimed the defendant told her if she did not say what he told her to say, she would never see her children again and would lose her home.

The defendant also testified at trial. He denied sexually abusing the victim. He denied being around B.O. while her children were present and specifically denied being present when the victim was visiting B.O. in August or September of 2007. He also denied confessing to B.O. that he had abused the victim or anyone else.

The defendant conceded he pled guilty in connection with predicate # 1 [a July 7, 1997 guilty plea, under Rankin County Circuit Court (Mississippi) case # 6076, to sexual battery], but claimed he only did so because his attorney told him he would "probably receive probation."[6]

---

[6] Benoit, 69 So.3d at 494-95; State Rec., Vol. III of III.

III. Petitioner's Claim

In this federal proceeding, petitioner claims that he is entitled to federal *habeas corpus* relief because records concerning a prior conviction were admitted at trial without being properly authenticated. On direct appeal, the Louisiana First Circuit Court of Appeal rejected that claim, holding:

> In his sole assignment of error, the defendant argues the trial court erred in allowing the introduction into evidence of State Exhibit # 1, which failed to comply with the authentication requirements of 28 U.S.C. § 1738 and LSA-C.E. art. 902(4).
> Section 1738 of Title 28 of the United States Code provides, in pertinent part:
>
>> The Acts of the legislature of any State, ... of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, ... thereto.
>> The records and judicial proceedings of any court of any such State, ... or copies thereof, shall be proved or admitted in other courts within the United States ... by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State, ... from which they are taken.
>
> Louisiana Code of Evidence art. 902, provides, "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: ... (4) Presumptions under Acts of Congress and the Louisiana Legislature. Any signature, document, or other matter declared by Act of Congress or by Act of the Louisiana Legislature to be presumptively or prima facie genuine or authentic."

During trial, the State offered into evidence State Exhibit # 1, which included a copy of a January 22, 1997 grand jury indictment, under State of Mississippi, County of Rankin, Cause # 6076. The indictment charged that on September 27, 1996, Kevin Paul Benoit committed one count of gratification of lust and one count of sexual battery involving K.B., a child over the age of twelve years, but under the age of eighteen years, while Kevin Paul Benoit was in a position of trust, being the child's stepparent. State's Exhibit # 1 also included a copy of a July 7, 1997 judgment of conviction in the same case, indicating that following advice of his Miranda[FN3] rights, Kevin Paul Benoit pled guilty to sexual battery in the case. Additionally, State's Exhibit # 1 further included a copy of a July 18, 1997 order of sentence in the same case, indicating Kevin Paul Benoit was sentenced for sexual battery to fifteen years in the custody of the Mississippi Department of Corrections, with execution of the last seven years stayed and suspended on condition of Kevin Paul Benoit successfully completing three years of supervised probation. The copies of the indictment, judgment of conviction, and order of sentence were stamped with the seal of the Circuit Court of Rankin County, Mississippi, and certified true and correct copies by Carol B. Swilley, Circuit Clerk.

> [FN3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defense objected to State Exhibit # 1, arguing the exhibit failed to satisfy the "double certification" requirement of 28 U.S.C. § 1738 and LSA-C.E. art. 902(4), as it lacked the certification of the judge of the court that the attestation was in proper form. The State argued State Exhibit # 1 was self-authenticating under LSA-C.E. art. 902(1), as "[a] document bearing a seal, ... purporting to be that of ... any state, district, ... or of a political subdivision, department ... thereof, ... and a signature purporting to be an attestation...." The court ruled in favor of the State, and the defense objected to the ruling of the court.

There was no error. Section 1738 of Title 28 of the United States Code did not bar admission of State Exhibit # 1 in this case. 28 U.S.C. § 1738 was enacted to implement the full faith and credit clause of the United States Constitution by providing a way of exemplifying the records of judicial proceedings held in one state so that such records would be admissible in later judicial proceedings held in another state. Thus, this statute merely means full faith and

credit must be given if certain requirements are met. However, evidence of judicial proceedings may be admissible if less is shown than the statute requires when it conforms to the rules of evidence of the state where the trial is being held. Furthermore, any stringent rules as to what is required to prove a prior conviction or identity of the convicted person in another state is somewhat obviated by the defendant's own admission that he was in fact previously convicted of a felony in that state. Donald v. Jones, 445 F.2d 601, 606 (5th Cir.), cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971). State Exhibit # 1 was self-authenticating under LSA-C.E. art. 902(1). See State v. Uloho, 04-55, pp. 20-22 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 931-32, writ denied, 2004-1640 (La. 11/19/04), 888 So.2d 192, and writ denied 08-2370 (La. 1/30/09), 999 So.2d 753.

      This assignment of error is without merit.[7]

Because petitioner's claim challenges an evidentiary ruling, this Court's review of the claim is necessarily limited. As has been noted:

> States have traditionally been afforded substantial latitude in fashioning their own rules of evidence and criminal procedure. Therefore, questions relating to the admissibility of evidence are matters of State law and generally do not give rise to constitutional errors which are subject to redress in Federal habeas corpus proceedings.

Taylor v. Maggio, 581 F. Supp. 359, 365-66 (E.D. La.), appeal dismissed, 727 F.2d 341 (5th Cir. 1984); see also Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir. 1992) ("[E]rrors of state law, including evidentiary errors, are not cognizable in habeas corpus as such."). Rather, the United States Fifth Circuit Court of Appeals has noted:

> We will not grant habeas relief for errors in a trial court's evidentiary rulings unless those errors result in a "denial of fundamental fairness" under the Due Process Clause. The erroneous admission of

---

[7] Benoit, 69 So.3d at 495-96; State Rec., Vol. III of III.

> prejudicial evidence will justify habeas relief only if the admission was a crucial, highly significant factor in the defendant's conviction.

Neal v. Cain, 141 F.3d 207, 214 (5th Cir. 1998) (citations omitted); see also Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998) ("[O]nly when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial will habeas relief be warranted.").

In this case, however, petitioner has failed to establish even that the evidence was wrongfully admitted. As noted by the state court, the evidence was clearly admissible under Louisiana Code of Evidence art. 902(1). Because the evidence was properly admitted under state evidence law, its failure to meet the more stringent requirements of 28 U.S.C. § 1738 was irrelevant. As noted by the state court, the United States Fifth Circuit Court of Appeal has expressly rejected the argument that compliance with 28 U.S.C. § 1738 is a mandatory prerequisite for the admission of such evidence. In denying federal *habeas corpus* relief in Donald v. Jones, 445 F.2d 601 (5th Cir. 1971), the Fifth Circuit explained:

> Defendant next contends that the records that the state introduced to prove his prior felony conviction were not properly exemplified as required by 28 U.S.C. 1738 (1964). The United States District Judge correctly found that the introduction of evidence of a prior felony conviction in New Mexico deals with a rule of evidence of the State of Texas and thus does not present a Federal question under a Federal Writ of Habeas Corpus. Furthermore, 28 U.S.C. 1738 (1964) was enacted to implement the full, faith, and credit clause of the United States Constitution by providing a way of exemplifying the records of judicial proceedings held in one state so that such records would be admissible in later judicial proceedings held in another state. Thus, this statute merely means full, faith, and credit must be given if certain requirements are met. However, *evidence of judicial proceedings may be admissible if less is shown than the statute requires when it conforms to the rules of evidence of the state where the trial is being held.* Furthermore, any stringent rules as to what is required to prove a prior conviction or identity of

> the convicted person in another state is somewhat obviated by
> defendant's own admission that he was in fact previously convicted
> of a felony in that state.

Id. at 606 (footnote omitted; emphasis added).

Because the evidence in the instant case was properly admitted under state law, it was then up to defense counsel to attempt to raise doubt in the minds of the jurors regarding the evidence. However, ultimately, the decision of what weight, if any, to give to the evidence was up to the jury. The fact that the jurors obviously believed the State's witnesses' testimony and that the evidence was what it was purported to be does not make the admission of the evidence, or petitioner's ultimate conviction, wrongful.

Further, out of an abundance of caution, the Court notes that even if the admission of the evidence had been erroneous, petitioner still would not be entitled to federal *habeas corpus* relief. In light of the compelling testimony presented at trial, including that of the victim herself, it can hardly be said that the admission of the evidence was a "crucial, highly significant factor" in his conviction. See Hills v. Henderson, 529 F.2d 397, 400-01 (5th Cir. 1976); Martin v. Quarterman, No. 4:07-CV-015, 2008 WL 1904642, at *6 (N.D. Tex. Apr. 28, 2008)

For all of the foregoing reasons, petitioner simply is not entitled to federal *habeas corpus* relief based on this evidentiary claim.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Kevin P. Benoit** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this ninth day of July, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.